# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sheik D. Smith-El,

        Plaintiff,      Case No. 24-11370

v.      Judith E. Levy
      United States District Judge

State of Michigan, *et al*.,

      Mag. Judge Anthony P. Patti

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [9], DENYING AS MOOT PLAINTIFF'S MOTION TO SUSPEND OR WAIVE FEES [2], DISMISSING THE COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART [1], AND GRANTING LEAVE TO AMEND CLAIMS DISMISSED <u>WITHOUT PREJUDICE</u>

On May 23, 2024, *pro se* Plaintiff Sheik D. Smith-El filed this complaint against Defendants[1] State of Michigan, Wayne County

---

[1] It is unclear whether Dana Nessel, Eric Sabree, Yolanda Baston, or Ashley Williams are Defendants in this action. Although they are listed with the addresses of Defendants State of Michigan, Wayne County Treasurer, Detroit Land Bank Authority, and Michigan Investor Group LLC, respectively, they are not identified in the definitions of Defendants 1, 2, 3, 4, or 5 in the "Statement of Claim" section of the complaint. (ECF No. 1, PageID.4.) Nor are there specific allegations against them. (*Id.*) To the extent that Plaintiff intended to name them as Defendants, the Court dismisses them. "Where a person is named as a defendant without an allegation of

Treasurer, Detroit Land Bank Authority, Judge Demetria Brue,[2] and Michigan Investor Group LLC. (ECF No. 1.) On the same day, Plaintiff filed a "Motion to Suspend or Waive[] Fees and Costs" (the "Motion"). (ECF No. 2.) Before the Court is also Plaintiff's application to proceed without prepaying fees or costs (the "Application").[3] (ECF No. 10.)

For the reasons set forth below, Plaintiff's Application is granted, his Motion is denied as moot, and his complaint is dismissed with prejudice in part and without prejudice in part. The Court grants leave to amend the complaint under the conditions set forth below.

---

specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints." *Cameron v. Howes*, No. 10-539, 2010 WL 3885271, at *6 (W.D. Mich. Sept. 28, 2010) (citing *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004)).

[2] Plaintiff misspells Defendant's name as "Demetri Brue" but identifies her as a judge of the 36th District Court. (ECF No. 1, PageID.2.)

[3] The Court notes that Plaintiff filed two versions of an application to proceed *in forma pauperis*. (*See* ECF Nos. 9, 10.) The first version of the application, which was filed on March 11, 2025, includes an extra source of income, which is net $2,356 from Extreme Reach Talent Inc. (ECF No. 9, PageID.29.) It includes $600 more in a checking or savings account. (*Id.*) It also states that Plaintiff has $80 in monthly transportation expenses and that he supports his mother with $250 monthly. (*Id.*) The Court assumes the second version, which was filed on March 14, 2025, is correct, but in any event, Plaintiff qualifies to proceed without prepayment of the filing fee. (*See* ECF No. 10.)

I. **Factual Background**

Plaintiff filed the complaint and his Motion in May 2024. (ECF Nos. 1, 2.) Plaintiff's complaint is styled as an action based on federal question and diversity jurisdiction. (ECF No. 1, PageID.3.) He alleges he is a sovereign citizen of the Moorish Nation. (ECF No. 1, PageID.3.) Plaintiff's complaint is difficult to decipher but appears to state four claims. First, Plaintiff asserts that Michigan's tax law violates his constitutional rights ("Claim One"). (*Id.* at PageID.4.) Second, Plaintiff alleges that Defendant Judge Brue "summonsed plaintiff" to Court, commenced eviction proceedings, and ruled that Michigan Investor Group LLC "has the right to possess[] plaintiff[']s property" in violation of his due process rights ("Claim Two"). (*Id.*) Third, Plaintiff states that Defendant Detroit Land Bank Authority[4] violated his due process rights by selling Plaintiff's property to Defendant Michigan Investor Group LLC ("Claim Three). (*Id.*) Fourth, Plaintiff asserts that Michigan Investor Group LLC violated his due process rights when it "summoned plaintiff" to appear before Defendant Demetria Brue at the 36th District Court because Michigan

---

[4] Plaintiff appears to mistakenly refer to Judge Brue but later clarifies that this claim is against Defendant Detroit Land Bank Authority.

Investor Group LLC "has never been the Landlord of the plaintiff and there never existed a Landlord Tenant relationship." (*Id.* at PageID.4.) Plaintiff seeks various injunctions and declaratory relief. (*Id.* at PageID.5.)

On February 4, 2025, the Court issued an Order to Supplement the Record related to the Motion because it "d[id] not provide Plaintiff's income or other financial information." (ECF No. 7, PageID.23.) The Court required Plaintiff to "file an [a]pplication to proceed without prepaying fees or costs] with completed information by March 4, 2025." (*Id.* at PageID.24.) On March 6, 2025, the Court issued a show cause order for Plaintiff to complete the application or show cause why the case should not be dismissed for failure to prosecute by March 14, 2025. (ECF No. 8.) Plaintiff timely responded to the show cause order and filed his Application on March 14, 2025. (ECF No. 10.)

## II. Analysis

### A. Application and Motion

Plaintiff's request to proceed *in forma pauperis* is granted, and his Motion is denied as moot.

4

Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). The Application indicates that Plaintiff receives $2,996.00 per month in take-home pay or wages. (*See* ECF No. 10, PageID.32 (stating his first job provides $656.00 weekly in take-home pay, and his second job provides $186.00 biweekly in take-home pay).) He alleges that he receives no other income from another business, profession, or other self-employment; rent payments, interest, or dividends; pension, annuity, or life insurance payments; disability, or worker's compensation payments; and gifts, or inheritances. (*Id.*) Plaintiff states he has no money in cash or in a checking or savings account. (*Id.* at PageID.33.)

Given Plaintiff's limited income and lack of cash or savings, the Court finds that Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1), and his Application is granted. Because the Court grants Plaintiff's Application, his Motion is moot. (ECF No. 2.)

### B. Dismissal of the Claims

Plaintiff proceeds *in forma pauperis*, so the Court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2). Under Section 1915(e)(2), dismissal is proper if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

Because Plaintiff is *pro se*, the Court will construe his pleadings liberally. "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotation marks omitted)).

Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The purpose of this

6

rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Despite this liberal pleading standard, Plaintiff's claims are subject to dismissal because they are frivolous and do not conform with Federal Rule of Civil Procedure 8(a)(2) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."

### i. *Claim One Is Dismissed as Frivolous*

Plaintiff's tax claim is dismissed with prejudice because it is frivolous. In Claim One, which appears to be against the State of

7

Michigan Attorney General and Wayne County Treasurer,[5] Plaintiff asserts he is a "sovereign citizen" and that Michigan's "General Property Tax Act of 1893 [violates] plaintiff[']s right to be free from Involuntary Servitude and Due Process as it creates a debt against plaintiff for simply living in America, that [i]f not paid within a certain time frame allows" it to be seized." (ECF No. 1, PageID.4.)

The United States Court of Appeals describes the sovereign citizen movement as follows:

> The "sovereign citizen" movement is a highly disperse, antigovernment movement. Tax protesting or tax defiance seems to be a logical consequence of the movement's beliefs. In general, sovereign citizens believe that the United States Government, including the IRS, is a fraud and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions.

*United States v. Gooch*, 595 F. App'x 524, 527 n.1 (6th Cir. 2014) (internal quotation marks and citation omitted).

---

[5] The claim is also barred on the additional basis that the states and their departments are immune under the Eleventh Amendment from suits in federal courts unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984). Plaintiff makes no argument that the state of Michigan has waived immunity or that Congress expressly abrogated Eleventh Amendment immunity.

Courts have routinely found sovereign-citizen arguments to be "frivolous and a waste of court resources." *Payne v. Kida*, No. 15-14127, 2016 WL 491847 at *4 (E.D. Mich. Jan. 6, 2016), *report and recommendation adopted*, No. 15-14127, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016) (collecting cases); *Kinstle v. Bunting*, No. 13-998, 2016 WL 3668027, at *4 (N.D. Ohio July 11, 2016) (collecting cases). Moreover, courts have routinely rejected this particular sovereign-citizen claim, which is that his "status as a sovereign citizen relieves [him] of [his] obligation to pay taxes." *Davis v. McClain*, No. 19-3466, 2019 WL 3891851, at *2 (S.D. Ohio Aug. 19, 2019), r*eport and recommendation adopted*, No. 19-3466, 2019 WL 5853474 (S.D. Ohio Nov. 8, 2019) (dismissing claims against state and federal defendants); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (dismissing "free sovereign" type of arguments in a federal tax case as "completely without merit" and "patently frivolous"); see also *Cheek v. United States*, 498 U.S. 192, 199 (1991) (rejecting the sovereign-citizens' movement's belief in the unconstitutionality of income taxation); *cf. United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) ("Defendant's legal arguments directly

9

correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans.").

For this reason, the Court finds Plaintiff's taxation claim is frivolous and dismisses it with prejudice under Section 1915(e)(2).[6]

> *ii. Claims Two, Three, and Four (Due Process Violations Related to Detroit Property) Are Dismissed Under Rule 8(a)(2)*

The second, third, and fourth claims all concern Plaintiff's alleged property in Detroit. In a conclusory fashion, Plaintiff states that the defendants violated his due process rights. These claims are dismissed without prejudice for violating Rule 8(a), since Plaintiff does not provide fair notice for these claims.

In Claim Two, Plaintiff alleges that Defendant Judge Brue[7] "summonsed plaintiff" to Court, commenced eviction proceedings, and

---

[6] Courts routinely dismiss these types of sovereign citizen claims with prejudice. *See, e.g., Von El v. Ecorse Police Dep't*, No. 22-12089, 2022 WL 7610255, at *2 (E.D. Mich. Oct. 13, 2022); *Hicks-Bey v. Goodstein*, No. 23-10771, 2023 WL 3186945, at *2 (E.D. Mich. May 1, 2023).

[7] The Court notes that Defendant Judge Brue is likely entitled to judicial immunity. "[A]lthough judicial immunity does not bar injunctive relief, such relief is not available against [a] judge[] [if a Defendant] did not allege that 'a declaratory decree was violated or declaratory relief was unavailable.'" *Bridges v. Blackmon*, No. 23-3911, 2024 WL 4615351, at *1 (6th Cir. May 8, 2024), *cert. denied*, No. 24-5846, 2025 WL 76569 (U.S. Jan. 13, 2025) (citations omitted). Plaintiff does not allege that

ruled that Michigan Investor Group LLC "has the right to possess[] plaintiff[']s property" in violation of his due process rights. (ECF No. 1, PageID.4.) Plaintiff seeks an "[i]njunction against any proceedings of [Defendant Judge Brue] as it regards owner occupied real personal property within the City of Detroit." (*Id.* at PageID.5.)

In Claim Three, Plaintiff broadly asserts that Defendant Detroit Land Bank Authority[8] violated his due process rights by selling his property to Michigan Investor Group LLC, despite the fact that the "plaintiff has been in continuous possession of the real personal property since it was given to plaintiff by plaintiff[']s mother in January of 2002 and [Defendant Detroit Land Bank Authority] never possessed the land

---

a declaratory decree was violated or that declaratory relief is unavailable. (*See id.* at PageID.5.)

[8] Moreover, for Claims Three and Four, Plaintiff asserts that private actors violated his due process rights. These appear to be claims under 42 U.S.C. § 1983, which requires Plaintiff to show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). For a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff does not allege facts that suggest that either Detroit Land Bank Authority or Michigan Investor Group LLC became a state actor. Thus, Claims Three and Four could be dismissed on this additional basis.

11

and the personal real property has never been abandoned. (*Id.* at PageID.4.)

In Claim Four, Plaintiff alleges that Defendant Michigan Investor Group LLC unlawfully "summoned plaintiff to" the 36th District Court in violation of his due process rights, despite the fact that this Defendant "has never been the Landlord of the plaintiff and there never existed a Landlord Tenant relationship." (*Id.*)

Claims Two, Three, and Four are dismissed because the allegations do not state a discernable legal claim. Plaintiff "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiff does not include key facts, such as what kind of property is at issue, the address of the property, the case number of the alleged eviction proceeding, and when the alleged proceedings took place. (*See* ECF No. 1, PageID.4.) He also does not specify how his due process was violated as a result of the alleged summonses and eviction proceeding. (*Id.*) Without these key allegations, Plaintiff does not give Defendants fair notice of his claims. These bare allegations in the complaint, without more, do not constitute a legal claim. The Court concludes that Plaintiff does not comply with Federal

Rule of Civil Procedure 8(a) and fails to state a cognizable claim. These claims are dismissed without prejudice. Plaintiff may file an amended complaint with Claims Two, Three, and Four within twenty-one (21) days of this order. An amended pleading must comply with the Federal Rules of Civil Procedure, including Rule 8(a)'s requirement of a short and plain statement of the claims.

### III. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's application to proceed without prepaying the fees and costs for this action. (ECF No. 9.) The Court DENIES AS MOOT Plaintiff's Motion. (ECF No. 2.)

The Court DISMISSES the complaint WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART. (ECF No. 1.) For the reasons set forth above, the Court DISMISSES Claim One WITH PREJUDICE, and Plaintiff cannot reassert it in an amended complaint. Claims Two, Three, and Four are DISMISSED WITHOUT PREJUDICE. Leave to amend Claims Two, Three, and Four is GRANTED. Plaintiff may file an amended complaint with Claims Two, Three, and Four within twenty-one (21) days of this order. The amended pleading must comply

with the Federal Rules of Civil Procedure, including Rule 8(a)'s requirement of a short and plain statement of the claims. If Plaintiff fails to comply with this order, the Court shall close this case.

IT IS SO ORDERED.

Dated: March 20, 2025　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2025.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager