UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sheik D. Smith-El,

           Plaintiff,        Case No. 24-11370

v.                                  Judith E. Levy
                                  United States District Judge

State of Michigan, *et al.*,

                                  Mag. Judge Anthony P. Patti

           Defendants.

_____/

**ORDER OF DISMISSAL**

## I.   Introduction

On May 23, 2024, *pro se* Plaintiff Sheik D. Smith-El filed this complaint against Defendants State of Michigan, Wayne County Treasurer, Detroit Land Bank Authority, Judge Demetria Brue,[1] and Michigan Investor Group LLC. (ECF No. 1.) Since filing a second version of an application to proceed without prepaying fees or cost on March 14, 2025, Plaintiff has not participated in the case. (*See* ECF No. 10.) On

---

[1] Plaintiff misspelled Defendant's name as "Demetri Brue" but identified her as a judge of the 36th District Court. (ECF No. 1, PageID.2.)

March 20, 2025, the Court issued an order granting plaintiff's application to proceed without prepaying fees or costs, denying as moot his motion to suspend or waive fees, dismissing the complaint with prejudice in part and without prejudice in part, and granting leave to amend claims dismissed without prejudice. (ECF No. 11.) The Court required Plaintiff to "file an amended complaint . . . within twenty-one (21) days of this order" and warned that "[i]f Plaintiff fail[ed] to comply with this order, the Court [would] close this case." (*Id.* at PageID.49–50.) As of today's date, Plaintiff has not filed an amended complaint, asked that the deadline be extended, or otherwise responded to the Court's March 20, 2025 order by the April 10, 2025 deadline. The Court therefore closes the case due to Plaintiff's failure to comply with the Court's order and his failure to prosecute the case against Defendants.

## II.    Background

In his initial complaint, Plaintiff alleged he is a sovereign citizen of the Moorish Nation. (ECF No. 1, PageID.3.) Plaintiff's complaint was difficult to decipher but appeared to state four claims. First, Plaintiff asserted that Michigan's tax law violated his constitutional rights ("Claim One"). (*Id.* at PageID.4.) Second, Plaintiff alleged that Defendant

Judge Brue "summonsed plaintiff" to Court, commenced eviction proceedings, and ruled that Michigan Investor Group LLC "has the right to possess[] plaintiff[']s property" in violation of his due process rights ("Claim Two"). (*Id*.) Third, Plaintiff stated that Defendant Detroit Land Bank Authority violated his due process rights by selling Plaintiff's property to Defendant Michigan Investor Group LLC ("Claim Three). (*Id*.) Fourth, Plaintiff asserted that Michigan Investor Group LLC violated his due process rights when it "summoned plaintiff" to appear before Defendant Demetria Brue at the 36th District Court because Michigan Investor Group LLC "has never been the Landlord of the plaintiff and there never existed a Landlord Tenant relationship." (*Id*. at PageID.4.) Plaintiff sought various injunctions and declaratory relief. (*Id*. at PageID.5.)

On February 4, 2025, the Court ordered Plaintiff to supplement the record by filing an application to proceed without prepaying fees or costs by March 4, 2025. (ECF No. 7.) Plaintiff did not comply and failed to file an application by the deadline. On March 6, 2025, the Court again issued an order to complete the application or show cause by March 14, 2025 why the case should not be dismissed for failure to prosecute. (ECF No.

3

8.) Plaintiff responded by filing two applications to proceed without prepaying fees or costs on March 11, 2025 and March 14, 2025. (ECF Nos. 9, 10.)

In its March 20, 2025 order, the Court dismissed all claims. The Court dismissed Claim One with prejudice and dismissed Claims Two, Three, and Four without prejudice. (ECF No. 11, PageID.49.) The Court then provided the Plaintiff with a deadline of April 10, 2025 to file an amended complaint on Claims Two, Three, and Four and warned that failure to do so would result in the Court closing the case. (*Id.*) Plaintiff failed to comply with the deadline.

### III. Legal Standard

Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024). Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "after reasonable notice or on application of a party"

4

when a party has "taken no action for a reasonable time." E.D. Mich. LR. 41.2.

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the

5

effect of his conduct on those proceedings." *Id.* at 705 (internal quotation marks and citations omitted).

## IV. Analysis

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff failed to comply with his first deadline to file an amended application to proceed in forma pauperis. (*See* ECF No. 8.) Only after the Court issued a show cause order on March 6, 2025 did Plaintiff comply with the February 4, 2025 order.

Now, Plaintiff has not submitted—by the April 10, 2025 deadline—an amended complaint. Plaintiff has not requested an extension of time to file his amended complaint. He has not responded to the Court's order in any way. The Court provided three weeks to respond to the order, and Plaintiff has not participated in the case for over a month and a half. (*See* ECF No. 11.) "Although his conduct does not establish bad faith, it

6

nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim[s], which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739.

The second factor does not favor dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alterations in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). Here, Defendants have not been prejudiced by Plaintiff's conduct because they have not been served with the complaint or appeared in the case.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court previously warned Plaintiff about the possibility of dismissal if he failed file an amended complaint. (ECF No. 11.)

7

The fourth factor also favors dismissal because the Court considered lesser sanctions prior to this dismissal order. The Court issued an order for Plaintiff to file an amended complaint. (*Id.*) The Court gave Plaintiff ample time—three weeks—to correct the deficiencies in the original complaint that the Court identified in that order.

In sum, three of the four factors discussed above favor dismissal, and the Court dismisses the case.

## V. Conclusion

The Court concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's order, for want of prosecution, and due to Plaintiff's failure to file an amended complaint. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2

Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 23, 2025  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
                                              United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2025.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager